**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JEROME BLACKSHEAR,**
   **Plaintiff,**

vs.           **Case No: 5:07cv144/MCR/MD**

**NORMA B. GILO, et al.,**
   **Defendants.**

___

**O R D E R**

  Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint (doc. 1) on February 28, 2006 in the United States District Court for the Middle District of Florida ("Middle District"). He filed a second amended complaint on September 1, 2006 (doc. 39). His second amended complaint names ten defendants and contends that they were deliberately indifferent to his serious medical needs while he was incarcerated at Gulf Correctional Institution ("Gulf CI") and Baker Correctional Institution ("Baker CI"). On June 11, 2007, the Middle District severed plaintiff's claims against the Gulf CI defendants -- Norma B. Gilo, Expedito M. Salvador, and Lisa Griffin -- and changed venue of the action as to those defendants to this court. The instant case file was opened on June 15, 2007 (doc. 78).

  The docket incorrectly reflects that the defendants in this action are the seven Baker CI defendants. The proper defendants are the Gulf CI defendants: Norma B. Gilo, Expedito M. Salvador, and Lisa Griffin. The clerk will be directed to correct the docket to so reflect, as the court has already done in the caption of this order.

Because the defendants have already been served a copy of the second amended complaint,[1] they will now be required to respond. Plaintiff shall not file any reply to the defendants' response until ordered to do so by the court.

Accordingly, it is ORDERED:

1. The clerk shall change the docket to reflect that there are three defendants in this action: Norma B. Gilo, Expedito M. Salvador and Lisa Griffin.

2. The defendants shall review the subject matter of the second amended complaint (doc. 39) in order to:

> a. Ascertain the facts and circumstances surrounding the complaint;
>
> b. Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and
>
> c. Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

3. Within **sixty (60) days** of the date of this order, defendants shall respond to the second amended complaint either by filing a motion for summary judgment based on plaintiff's failure to exhaust administrative remedies or by filing a special report with the court, and a copy thereof to plaintiff, containing the following:

> a. Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the plaintiff.)
>
> b. Copies of any written reports prepared as a result of investigation of the inmate's allegations.
>
> c. All defenses, including immunity defenses. If not listed, such defenses may be considered waived.
>
> d. Where relevant, copies of medical or psychological or disciplinary records.
>
> e. Where applicable, copies of relevant administrative rules, regulations or guidelines.

The defendants are advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment. Therefore, in addition to

---

[1] Although the docket contains returns of service for only defendants Gilo and Griffin, (doc. 42), counsel has entered an appearance on behalf of defendant Salvador as well (doc. 49).

*Case No: 5:07cv144/MCR/MD*

the above-mentioned items, the special report shall be in compliance with Local Rule 56.1, and shall include all FED.R.CIV.P. 56 materials the defendants wish the court to consider.[2]

      4.      No answer, motion to dismiss, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the court, except as set forth above.

      5.      Plaintiff shall not file a reply to defendants' motion for summary judgment or special report until ordered to do so by the court.

      6.      The plaintiff shall be required to mail to the attorney for each defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court. The plaintiff shall include with the original paper to be filed with the Clerk a "certificate of service" stating the date a correct copy of the paper was mailed to the defendant or to the attorney representing the defendant. **Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the clerk and disregarded by the court**.

      7.      In accordance with 28 U.S.C. § 636(c)(2), the clerk shall forward to the plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it. If plaintiff wishes to consent he should sign the form and forward it to counsel for a defendant, who, if defendant consents, shall sign and forward it to counsel for the other defendant, who shall return it to the clerk only if that defendant also consents.

      DONE AND ORDERED this 6th day of July, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The special report must contain a short and concise statement of the material facts and shall not merely re-assert plaintiff's allegations.

*Case No: 5:07cv144/MCR/MD*